

Revised 03/06 WDNY

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

**FORM TO BE USED IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983**
(Prisoner Complaint Form)

16-CV-594 A

All material filed in this Court is now available via the **INTERNET**. See *Pro Se Privacy Notice* for further information.

## 1. CAPTION OF ACTION

**A.     Full Name And Prisoner Number of Plaintiff:  NOTE:** *If more than one plaintiff files this action and seeks in forma pauperis status, each plaintiff must submit an in forma pauperis application and a signed Authorization or the only plaintiff to be considered will be the plaintiff who filed an application and Authorization.*

1. Reescie E. Nash, #491658

2.

-VS-

**B.     Full Name(s) of Defendant(s) NOTE:** *Pursuant to Fed.R.Civ.P. 10(a), the names of all parties must appear in the caption. The court may not consider a claim against anyone not identified in this section as a defendant. If you have more than six defendants, you may continue this section on another sheet of paper if you indicate below that you have done so.*

1. Salvatore Valvo - Erie County D.A. Investigator   4. Erie County District Attorneys Office
2. Sgt. Slimak   Erie Cnty. Sheriffs Dept.   5. Erie County Sheriffs Dept. Jail Management division
3. Dep. Knupfer   Erie Cnty. Sheriffs Dept.   6. Erie County Holding Center
7. Thomas Kubiniec - ALJ - NYS PAROLE   8. Dennis Uminski - ESQ.
9. Kenneth Wells - PR3 - NYS PAROLE   10. Daniel Griebel - ESQ.
11. Aid To Indigent Prisoners

## 2. STATEMENT OF JURISDICTION

This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. § 1983. The Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4), and 2201.

## 3. PARTIES TO THIS ACTION

**PLAINTIFF'S INFORMATION   NOTE:** *To list additional plaintiffs, use this format on another sheet of paper.*

Name and Prisoner Number of Plaintiff: Reescie E. Nash # 491658

Present Place of Confinement & Address: 40, Delaware Ave @ 11581, Walden Ave.
BFlo, N.Y. 14202 @ Alden, N.Y. 14004

Name and Prisoner Number of Plaintiff: Name of Defendant: Erie County Holding Center

Present Place of Confinement & Address: Position of Defendant: Incorporated Person Holding Plaintiff

Defendant is sued in  X  Individual  and  X  Official Capacity

Address of Defendant: 40 Delaware Ave
BFlo, N.Y. 14202

Name of Defendant: Slimak

Position: Sergeant

Defendant Sued In X Individual X Official Capacity

Address: 40, Deleware Ave; Bflo., N.Y. 14202

---

Name of Defendant: C. Danzi

Position: Employee - Erie County District Attorneys office

Defendant Sued In X Individual X Official Capacity

Address: 25, Deleware Ave; Bflo., N.Y. 14202

---

Name of Defendant: Kenneth Wells

Position: Parole Revocation Specialist,

Defendant Sued In X Individual/X Official Capacity

Address: 460, Main St.; Bflo., N.Y. 14202

Name of Defendant: Thomas Kubiniec

Position: Admin. Law Judge

Defendant Sued In X Individual/X Official Capacity

Address: 11581, Walden Ave; Alden, N.Y. 14004

---

Name of Defendant: Dennis Uminski

Position: Attorney - NYS

Defendant Sued In X Individual/X Official Capacity

Address: 3881, West Seneca St.; West Seneca, N.Y. 14224

Name of Defendant: Daniel Griebel

Position: Attorney - NYS

Defendant Sued In X Individual/X Official Capacity

Address: P.O. Box 495; Bflo., N.Y. 14223

Name of Defendant: Aid To Indigent Prisoners

Position: Constitutional Safegard - Appointee Of Counsel

Defendant Sued In X Individual/X Official Capacity

Address: 170, Franklin St.; Crosby Bldg.; Bflo., N.Y. 14202

Name of Defendant: Knupfer

Position: Deputy - Erie County Sheriff Dept.

Defendant Sued In X Individual/X Official Capacity

Address: 40, Deleware Ave; Bflo., N.Y. 14202

**DEFENDANT'S INFORMATION** NOTE: *To provide information about more defendants than there is room for here, use this format on another sheet of paper.*

Name of Defendant: Salvatore Valvo

(If applicable) Official Position of Defendant: Investigator @ Erie County District Atty. Ofc

(If applicable) Defendant is Sued in  X  Individual and/or  X  Official Capacity

Address of Defendant: 25, Delaware Ave.
Bflo., NY  14202

Name of Defendant: Erie County District Attorney's Office

(If applicable) Official Position of Defendant: District Attorney - Erie County

(If applicable) Defendant is Sued in  X  Individual and/or  X  Official Capacity

Address of Defendant: 25, Delaware Ave.
Bflo., N.Y. 14202

Name of Defendant: Erie County Sheriffs Department - Jail Management Div.

(If applicable) Official Position of Defendant: Division of Jail Management

(If applicable) Defendant is Sued in  X  Individual and/or  X  Official Capacity

Address of Defendant: 40, Delaware Ave
Bflo., N.Y. 14202

CONT.

## 4. PREVIOUS LAWSUITS IN STATE AND FEDERAL COURT

A.   Have you begun any other lawsuits in **state or federal court** dealing with **the same facts involved in this action**?
Yes  X   No ____

If Yes, complete the next section. NOTE: *If you have brought more than one lawsuit dealing with the same facts as this action, use this format to describe the other action(s) on another sheet of paper.*

1.   Name(s) of the parties to this other lawsuit:

Plaintiff(s): Reebie Nash

Defendant(s): Timothy Howard - Erie County Sheriff

2.   Court (if federal court, name the district; if state court, name the county): Western District

3.   Docket or Index Number: 13 - cv -

4.   Name of Judge to whom case was assigned: Foshio/ Arcara

2

5.  The approximate date the action was filed: _December 2013 / ?_

6.  What was the disposition of the case? → Settlement In Favor Of Plaintiff

     Is it still pending?  Yes____  No _X_

          If not, give the approximate date it was resolved. _3/2015_

     Disposition (check the statements which apply):

     ____ Dismissed (check the box which indicates why it was dismissed):

          ____  By court *sua sponte* as frivolous, malicious or for failing to state a claim
               upon which relief can be granted;

          ____  By court for failure to exhaust administrative remedies;

          ____  By court for failure to prosecute, pay filing fee or otherwise respond to a court
               order;

          ____  By court due to your voluntary withdrawal of claim;

     _X_  Judgment upon motion or after trial entered for

          _X_  plaintiff

          ____  defendant.


B.  Have you begun **any other lawsuits** in **federal court** which **relate to your imprisonment**?

     Yes _X_   No____

If Yes, complete the next section. NOTE: *If you have brought more than one other lawsuit dealing with your imprisonment,
use this same format to describe the other action(s) on another sheet of paper.*

1.  Name(s) of the parties to this other lawsuit:

     Plaintiff(s): _Reggie Nash_

     Defendant(s): _Erie County Corr. Fac. ; C.O. Lafredo ; C.O. Walawender ;_

2.  District Court: _Western_

3.  Docket Number: _03-CV-_

4.  Name of District or Magistrate Judge to whom case was assigned: _Fuschio / Western_

5.  The approximate date the action was filed: _1/2003_

6.  What was the disposition of the case?

     Is it still pending?  Yes____  No _X_

          If not, give the approximate date it was resolved. _6/2005_

Disposition (check the statements which apply): → Settlement In Favor of Plaintiff

_____ Dismissed (check the box which indicates why it was dismissed):

    _____ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

    _____ By court for failure to exhaust administrative remedies;

    _____ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

    _____ By court due to your voluntary withdrawal of claim;

✗ Judgment upon motion or after trial entered for

    ✗ plaintiff

    _____ defendant.

---

## 5. STATEMENT OF CLAIM

For your information, the following is a list of some of the most frequently raised grounds for relief in proceedings under 42 U.S.C. § 1983. (This list does not include **all** possible claims.)

| | | |
|---|---|---|
| • Religion | • Access to the Courts | • Search & Seizure |
| • Free Speech | • False Arrest | • Malicious Prosecution |
| • Due Process | • Excessive Force | • Denial of Medical Treatment |
| • Equal Protection | • Failure to Protect | • Right to Counsel |

**Please note that** it is not enough to just list the ground(s) for your action. You **must** include a statement of the facts which you believe support each of your claims. In other words, tell the story of what happened to you but do not use legal jargon.

**Fed.R.Civ.P. 8(a)** states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "The function of pleadings under the Federal Rules is to give fair notice of the claim asserted. Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial." Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995). **Fed.R.Civ.P. 10(b)** states that "[a]ll averments of claim ... shall be made in numbered paragraphs, the contents of each of which shall be limited as far a practicable to a single set of circumstances."

---

### Exhaustion of Administrative Remedies

Note that according to **42 U.S.C. § 1997e(a)**, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prison er confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

You must provide information about the extent of your efforts to grieve, appeal, or otherwise exhaust your administrative remedies, and you must attach copies of any decisions or other documents which indicate that you have exhausted your remedies for each claim you assert in this action.

4

FORM 9011CS (10/11)

STATE OF NEW YORK
DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
**NOTICE OF VIOLATION**

TO: __NASH, Reeseie__                                    INST. #: __07-B-3157__

WARRANT #: __749838__                                    NYSID #: __08257936-Q__

You are charged with violating the conditions of your release in the manner specified on the attached violation of release report.

A preliminary hearing on these charges has been scheduled on __04/04/16__ at __9:00 A.M.__ at __ECCF__
                                                           Date        Time        Place

Should you waive a preliminary hearing or should probable cause be found at this hearing that you have violated the condition of your release in an important respect, a

final hearing on these charges will be held on __04/19/16__ at __9:00 A.M.__ at __ECCF-11581 Walden Ave, Alden, NY__
                                               Date            Time              Place

In the event that your return to the State of New York cannot be effected for the hearing as scheduled above due to circumstances beyond the Department's control, you will be afforded a preliminary hearing and final revocation hearing at such time as you may become available for return on the Department's warrant.

You have the right to a preliminary and final violation hearing. A preliminary hearing may be held to determine whether there is probable cause to believe that you violated one or more of the conditions of your release in an important respect. At this hearing you are entitled to appear and speak on your own behalf; introduce letters and documents; present witnesses who can give relevant information; and confront and cross-examine adverse witnesses. Proof of your conviction of a crime committed after your release shall constitute probable cause for the purpose of the preliminary hearing. You may be represented by counsel. It is your responsibility to obtain counsel. Your waiver of this preliminary hearing is equivalent to a finding of probable cause.

In the event that you are convicted of either a misdemeanor or a felony committed while under community supervision and a preliminary hearing has not been completed, you will not be entitled to the preliminary hearing on the basis of the new conviction. Any preliminary hearing which may have been scheduled may therefore be cancelled upon your conviction for such misdemeanor or felony.

Following the establishment of probable cause, the Board of Parole or its designee will review your case and may order that you be held for a final revocation hearing.

At the final revocation hearing, the presiding officer will determine whether there is a preponderance of evidence to support each of the charged violations. At this hearing, you have a right to be represented by counsel; to speak on your own behalf; have the right to introduce letters and documents; present witnesses who can give relevant information; and confront and cross-examine adverse witnesses against you. At this hearing, you also have the right to present mitigating evidence relevant to your restoration to community supervision.

In the event that you are convicted of a felony committed while under community supervision and you receive a new indeterminate or determinate sentence, any final revocation hearing which has been scheduled for you may be cancelled. In such instances, the Board of Parole may issue a final declaration of delinquency based upon that conviction and sentence.

In the event the Board of Parole issues a final declaration of delinquency, you will be served a copy of that determination together with a copy of the commitment.

Should you be convicted of a crime committed after your release, it is the intention of the Department of Corrections and Community Supervision to introduce evidence of your conviction at the time of your revocation hearing.

A request to adjourn either scheduled hearing should be made in the case of a preliminary hearing, at least three (3) days, and in the case of a final hearing, at least seven (7) days prior to the hearing, in writing, to the local area office. Requests for adjournments made at the hearing will only be granted for good cause shown.

Violation of Release Report received:

_____                         __3/28/16__
            Signature                                        Date

All persons charged with a violation of parole are required to be present at all proceedings regarding that violation of community supervision which are authorized by the Board of Parole. Any voluntary failure on your part to be present at any of theses proceedings may result in a finding that your failure to appear was a voluntary, knowing and intelligent waiver of your right to appear. Should such a finding be made, a hearing in absentia can be held and a final determination be made regarding the charges pending against you, including, if necessary, a time assessment because of the violation of community supervision.

☑ I DO wish to have a preliminary hearing.            ☑ I do NOT wish to have a preliminary hearing.

__3/28/16__                                          _____
   Date                                              Signature of Release

__03/28/2016__                                       _____   # __0137__
   Date                                              Signature of Witness

If you cannot afford an attorney and wish to have counsel at your preliminary hearing, sign and detach this form. It is your responsibility to mail the form to the address shown on the form. If you request assigned counsel at your preliminary hearing, you must mail this form IMMEDIATELY.

TO: __Aid to Indigent Prisoners__          RE: __NASH, Reesie__
                                                        Name
    __170 Franklin St. Crosby Bldg.__         DOB: __03/01/80__

    __Buffalo, NY 14202__                     WARRANT # __749838__

I am an alleged community supervision violator being held at: _____

I am scheduled for a preliminary hearing to be held on __04/04/16__ at __9:00 A.M.__ at __ECCF__
                                                      Date        Time        Place

I have waived my preliminary hearing. A final hearing has been scheduled for __04/19/16__
                                                                               Date

at __9:00 A.M.__ at __ECCF-11581 Walden Ave., Alden, NY 14004__
   Time              Place

I cannot afford an attorney and request that I be assigned counsel.

_____
Release                    Name

A. FIRST CLAIM: On (date of the incident) June 22nd 2016 ,

defendant (give the **name and position held** of **each defendant** involved in this incident) Erie County District Attorney's Office ; Salvatore Valvo [Erie County District Attorney's Office Investigator] ; C. Danzi ; [Erie County District Attorneys office Employee]

did the following to me (briefly state what each defendant named above did): Arbitrarily and Capriciously, Seized my legal work, [24 hours prior] to my trial (Bef. Hon. Wray) ; exceeding the jurisdiction of a search warrant which specified items to be seized, which did not extend to legal work & outlined defense to criminal charges ; which prejudiced plaintiff, requiring adjournment [and] affected criminal defense. The Erie County District Attorneys office used a warrant, narrowly specifying items to be seized as [material relating to...Homocide], to confiscate all legal work and documents of plaintiffs, in excess of warrants jurisdiction, and did alter and initial said warrant also.
✱ SEE EXIBIT.A ✱ SEE ATTACHMENT ✱

The constitutional basis for this claim under 42 U.S.C. § 1983 is: U.S.C.A. Const. AMENDS. 1, 4, 5, 6, 8, 14

The relief I am seeking for this claim is (briefly state the relief sought): Monetary Judgment In The Amount Of $5,000,000.⁰⁰

## Exhaustion of Your Administrative Remedies for this Claim:

Did you grieve or appeal this claim? _____ Yes   X   No   If yes, what was the result? _____

Did you appeal that decision? _____ Yes   X   No   If yes, what was the result? _____

*Attach copies of any documents that indicate that you have exhausted this claim.*

If you did not exhaust your administrative remedies, state why you did not do so: There is no known form of Grieving Such Gross Negligent Conduct of said Public Servant's

A. SECOND CLAIM: On (date of the incident) June 11th and June 13th 2016 ,

defendant (give the **name and position held** of **each defendant** involved in this incident) Erie County Sheriffs Department - Sergeant Slimak ; Erie County Sheriffs Department Deputy Knupfer.

did the following to me (briefly state what each defendant named above did): Violated HIPPA laws while employed in County Jail, where on 6/11/16, Sgt. Slimak did announce to Ramadan inmates that due to plaintiffs "highly infectious disease", nurse must check inmates upper torso requiring full strip of upper torso; then, on 6/13/16, Deputy Knupfer, openly stated to Ramadan inmates "You guys have to make a feed up tray for Mr. Nash because he has 'scabies' and cannot attend." I did in fact walk into service as this statement was made, violative of HIPPA.

※ SEE EXIBIT B ※ SEE ATTACHMENT ※

The constitutional basis for this claim under 42 U.S.C. § 1983 is: U.S.C.A. Const. Amend's 8, 14, 1

The relief I am seeking for this claim is (briefly state the relief sought): $500,000.⁰⁰ in damages to Slimak ; $500,000.⁰⁰ in damages to Knupfer @ $1,000,000.⁰⁰

## Exhaustion of Your Administrative Remedies for this Claim:

Did you grieve or appeal this claim?  _X_ Yes  _____ No   If yes, what was the result? Administration, alleged ficticious inmates denied allegations without officers admission/denials.

Did you appeal that decision?  _X_ Yes  _____ No   If yes, what was the result? Facility failed to respond due to faulty grievance process which I grieved also, but verbally ~~complied to transfer other inmates before right to Andrew to court~~

*Attach copies of any documents that indicate that you ~~have~~ exhausted this claim.*

If you did not exhaust your administrative remedies, state why you did not do so: _____

_____

See: Third Claim Attachment &
Fourth Claim Attachment.

**If you have additional claims, use the above format and set them out on additional sheets of paper.**

## 6. RELIEF SOUGHT

*Summarize the relief requested by you in each statement of claim above.*

Monetary award of $5,000,000.⁰⁰ for first Claim ; $1,000,000.⁰⁰ for second Claim, $1,000,000.⁰⁰ for third Claim @ $7,000,000.⁰⁰ in Monetary Damages for all three Claims ; For fourth Claim $8,000,000.⁰⁰ in Monetary Damages, being $15,000,000.⁰⁰ total in damages.

Do you want a jury trial? Yes X  No_____

Cont.

First Claim : Seizure of legal work did disrupt plaintiffs ability to continue a trial before Honorable Judge Givens and Honorable Judge Wray; it prevented the proper preperation and reply to CPLR ART 78 - Index: I. 2016.0071 and in fact, exposed legal defenses to pending criminal case's in Buffalo City Court, whereas, privillaged Correspondence between my attorney's and myself were Confiscated and not returned until 6/28/16. Both trial dates were adjourned due to this illegal Seizure and whereupon the CPLR ART. 78 was returnable 7/5/16 and 'Answer' received 6/29/16, plaintiff, faced with deadline, was unable to properly reply to said motion to which his freedom is hinged upon. Illegal conduct Violated equal protection, right against Self incrimination, due process, access to the Courts, Prejudiced my defense, my right against warrantless seizure's and inflicted cruel and unusual punishment in retalliation for not cooperating with B.P.D Homicide Investigators to which - constitutionally, I have an absolute right to resist. @

<u>Second Claim</u>: Plaintiff has legal standing to assert his right to privacy as to his medical concerns, ailements and conversations regards medical concerns and ailements. This right was alienated by Deputy Knupfer and Sergeant Slimak, without right, just cause, or privellage. The announcement did prejudice me, harm my right to religious expression and free practice when Congregants refused to pray alongside me, during Congregational Prayer, for fear of acquiring "Highly Infectionous Disease" - "Scabies". This prejudice was so great, facility agreed to transfer plaintiff, after Rammadan, to avoid further prejudice based upon this HIPPA violation, and did -on 7/8/16, transfer plaintiff to Erie County Correctional Facility, (2) days after Rammadan's end. ®

A. THIRD CLAIM  On, March 25th; April 8th; April 15th; April 22nd; May 6th; and May 20th - 2016; and Continually thereafter,

The Erie County Holding Center; The Erie County Sheriffs Dept.; And The Erie County Sheriffs Department Jail Management Division

Did The Following To Me: Failed to offer, provide or create any policy protecting my right to practice Islam, in that religious services are not being held. This discriminatory practice of failing to meet the needs of muslim inmates dates beyond the early 1990's and still continues today. Catholics enjoy mass weekly, as with Christian faiths. No policy nor plan exists due to a clear and deliberate indifference towards the Muslim faith - Al Islam. In fact, and as shown in grievences, their selected "Imam" agrees that muslims should not have service unless said "Imam" is there, when clearly, the Imam is consistantly delinquent, prejudicial to muslim inmates/detainees, affecting my right to practice my religion, make the congregational Friday prayer, have access to religious cleric, thereby abridging my freedom of speech, right to peaceful assemble, equal protection of the laws and is therefore cruel and unusual punishment.

The Constitutional basis for this Claim Under 42 U.S.C. §1983 is: U.S.C.A. Const. Amend.'s 1, 8 and 14

The relief I am seeking for This Claim Is: Monetary Judgment in The Amount of $1,000,000.00

Did you grieve or appeal this claim - Yes
Results? Deprivation is Continual, facility lacks solution
Did you appeal that decision - Yes
Results? Deprivation is Continual, facility failed to reply

A. FOURTH CLAIM: On March 22, 2016; March 23, 2016; 4·19·16 and 6·7·16;

The N.Y.S. Parole Revocation Specialist, Kenneth Wells; Administrative Law Judge Thomas Kubiniec and Attorney Daniel Griebel; Dennis Uminski;

Did the following To Me: Violated my constitutional right to due process; in that Dennis Uminski Is my assigned attorney and I have never seen, heard nor spoken to him. Kenneth Wells is N.Y.S. Parole Revocation Specialist, charged with knowing who my attorney of record is and never corrected proceedings in that I have never been represented by my attorney, rather instead, allowed an unjustifiable delay of more than 90 days be adjourned by a man who is not my attorney, on two seperate occassions,(See Ex. 13 - compare to card and schedulling sheet of Ex. 14), without justification to do so. The administrative law judge is charged with Calander Control and marshalling of the case. This attorney, Daniel Griebel, was allowed by the Judge, to consume more than 90 days - charged to plaintiff, as an illegal tactic by Parole to Prolong Calander dates in order to prepare prosecution, chargeable to plaintiff, while preventing my attorney, Dennis Uminski, from representing me. Daniel Griebel has prepared no defense nor argued for any discoverable item's, only offering 30 month and 24 month plea's off record, respectively. If Dennis Uminski is my attorney, he has not defended me. If Daniel Griebel is my attorney, he has not defended me, although by show of proof, he is not and Parole's specialist and Judge knew he was not my attorney, was not assigned to me, my case and Parole unconstitutionally affects my defense when by unfair, Grossly Prejudicial tactics, they prejudice my defense by interfering with my defense and counsel by requiring that I use whomever the Board of Parole appoints Vs. Aid To Indigent Prisoners. @// Constitutional Basis: Due Process, Right to Counsel -Effective; Equal Protection; Malicious Prose Free Speech; Failure To Protect. The Relief I am Seeking: $8,000,000.00 Dollars In Monetary Damages

* NO GRIEVANCE PROCEDURES AVAILABLE *

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___7 | 4 | 16_____
                                    (date)

NOTE: *Each plaintiff must sign this complaint and must also sign all subsequent papers filed with the Court.*

_____

_____

_____
                          Signature(s) of Plaintiff(s)

The following Intake Control Numbers and Initials thereafter represent Ramadan participants who both heard Sgt. Slimak state that I, Reesere Nash #49658, had a "Highly Infectionous Disease." (Called)"Scabies" and was present when Sgt. Slimak handed out flyers, medically informing reader what scabies was and its symptoms, and was partially stripped during Ramadan Svc. on 6/11/16, PM Shift.

Also, Signors did witness deputies allege that I, Reeseie Nash, had "Scabies" and therefore needed a feed up tray because nurse present @ approx. 3:30 am, stated to the security staff that I, Reesere Nash, was Medical keeplock due to Scabies, and did allege same to Ramadan participants on 6/13/16, 11pm - 7am Shift.

| ICN# 75548 | Initials: JG |
| ICN# 106991 | Initials: DT |
| ICN# 99706 | Initials: JW |
| ICN# 67989 | Initials: JJ |
| ICN# 49658 | Initials: RN (only as to:6/13/16) |
| ICN# | Initials: |
| ICN# | Initials: |
| ICN# 66824 | Initials: R.F.D. |

Dated: 6/18/16

# EVIDENCE

AGENCY _____ECDA_____

ITEM NO. _____     CASE NO. _____

DATE AND TIME OF COLLECTION   DATE _6/22/16_   TIME _11:30_   (AM) PM

COLLECTED BY _S·VALVO_     OFFENSE _____

DESCRIPTION AND/OR LOCATION OF EVIDENCE _Paper work from_
_search of Jail cell of R.Nash_
_____

SUSPECT _____     VICTIM _____

REMARKS _____

## CHAIN OF CUSTODY

| RECEIVED FROM _S·VALVO_ | BY _C.DANZI_ |
| DATE _____ | TIME _6/22/16_  _4:00_  AM (PM) |

| RECEIVED FROM _____ | BY _____ |
| DATE _____ | TIME _____  AM  PM |

| RECEIVED FROM _____ | BY _____ |
| DATE _____ | TIME _____  AM  PM |

| RECEIVED FROM _____ | BY _____ |
| DATE _____ | TIME _____  AM  PM |

EVIDENT ® Crime Scene Products
1-800-576-7606

Exibit 1

# SEARCH WARRANT

Pursuant to Section 690.05 Et Seq.
Of the Criminal Procedure Law

County Court
County of Erie, State of New York

## IN THE NAME OF THE PEOPLE OF THE STATE OF NEW YORK

TO: Inv. Salvatore Valvo, any other Investigator of the Erie County District
Attorney's Office Buffalo Police Department and any member of the Erie
County Sheriff's Department.

Proof, by affidavit, having been made this day before me by Inv. Salvatore
Valvo, that there is probable cause to believe, pursuant to CPL 690.10 that
certain property constitutes evidence or tends to demonstrate that an offense
or crime was committed or that a particular person participated in the
commission of an offense or crime, to wit: the murder of Kelvin Alexander
on March 20, 2016 at 857 Genesee Street in the City of Buffalo,

said property consisting of:

    (1) Any notes, communications, papers, or any other materials
        containing written information regarding the homicide of Kelvin
        Alexander

**YOU ARE THEREFORE COMMANDED**, within 5 days of the issuance
of this warrant, to make an immediate search of the Erie County Holding
Center, Buffalo, NY, and seize the following:

    (1) Any notes, communications, papers, or any other materials
        containing written information regarding the homicide of Kelvin
        Alexander

And upon seizure of the forgoing all recovered material will be immediately
turned over to the issuing court for an in camera review and any material

Exibit 1ᴬ

1

determined to be relevant to the homicide of Kelvin Alexander will be provided to the District Attorney's Office whereas all other material will be returned to the defendant.

And once the materials have been provided to the District Attorney's Office file a return of such seizures with this Court at the County Court in the County of Erie, New York.

Dated at the said County of Erie, New York
The 21st day of  June , 2016
At  8:40  AM/PM

_____
**Hon. Thomas P. Franczyk, J.C.C.**

Exibit 1B

2



*WE etc.*
*Nash*
*11-25-13 notes has a server*
*re: Not having a Prob/then*
*Contract*
*Tranchi*
*#1409*



## New York State Commission of Correction

## Grievance Form Part I

**Facility:** Erie County Sheriff's Office—Jail Management Div.

**Housing Location :** ENE-#91

☒ Holding Center   NY014023C   1403
☐ Correctional Facility   NY014013C   1402
☐ Yankee Compound   NY011043C   1410

**Grievance #:** _____
*FACILITY ASSIGNS THIS NUMBER*

**Inmate's Name:** Beesie Nash

**ICN #:** 49658

<u>Brief Description of the Grievance</u> *(Completed by the Grievant)* :

**Number of Additional Sheets Attached ( )**

Muslims @ the Holding Center are not being afforded services on consistant basis or every friday or Jummah. Service on friday/Jummah- in Islam is MANDATORY and one is cursed if he fails to attend purposely. Religious services for Muslim populace is just as important as Catholic/Protestant ect., which is held on regular basis. The facility has failed to accomodate Muslims in that they have failed to ensure steady observance of Constitutional right to free practice of religion.

**Number of Additional Sheets Attached ( )**

<u>Action Requested by the Grievance</u> *(Completed by the Grievant)* :

That pursuant to Correctional Law 7024-1, an inmate facilitator be allowed to conduct religious services when outside coordinators cannot do so. He must know the prayer, Eqama, Adhan, khutbar Tahaji and be muslim for a lengthy period- of which facility records will indicate or facility liason for chaplains- Deputy Davis, may so select to hold services for continuity

**Grievant Signature :** _____   **Date/Time Submitted :** 11/25/13 @

**Receiving Staff Signature :** _____ J.T. #1409   J. Tranchi   **Date/Time Submitted :** 11/25/13   1415 Hrs

<u>Summary of Facility Staff attempts to resolve</u> *(Attach Relevant Documentation)* :   **Number of Additional Sheets Attached ( )**

Above and beyond the scope of this deputy duty   J. Tht. #1409

SGT FRANKLIN SPOKE TO IMAM ON 11/25/13 . THE IMAM HAS STATED THAT HE DOES NOT WANT THE INMATES TO HOLD ISLAMIC SERVICES WITHOUT HIS PRESENCE SGT FRANKLIN /for

☐ Language Barrier, List language_____ : Name of Interpreter and affiliation_____
☐ Cognitive Disability Barrier, Low literacy: If box is checked, what steps were taken to assist grievant? (List above)

**Officer/Supervisor Signature :** _____   **Date/Time :** _____

**(  ) I agree to accept the informal resolution to my Grievance**

**☒ I do not agree to accept the informal resolution to my Grievance** ( )

**Grievant Signature :** _____   **Date/Time Submitted :** 11/25/13

**Forward to the Grievance Coodinator :**   *Grievance must be forwarded to the Grievance Coordinator within 24 hours of submission*

**Officer/Supervisor Signature :** SGT FRANKLIN /for   **Date/Time :** 11/25/13   1435

**Received by the Grievance Coodinator :**

**Grievance Coordinator Signature :** _____   **Date/Time :** _____

Exibit 1 C



### New York State Commission of Correction



## Grievance Cordinator's Decision

**Facility:** Erie County Holding Center          **Grievance #:**          13G-211

**Name of Inmate**     Reeseie Nash     49658 ENE 91     **Date Part I was received:**     11/25/2013

#### Grievance Summary

Muslims @ the Holding Center are not being afforded services on consistant basis or every friday or Jumuah. Service on friday/Jumuah - in islam is MANDATORY and one is cursed if he fails to attend purposely. Religious services for Muslim populace is just as inportant as Catholic/Protestant etc., which is held on a regular basis. The facility has failed to accommodate Muslims in that they have failed to ensure steady observance of constitutional right to free practice of religion.

#### Grievant's requested action:

That persuant to Correctional Law 702.4-1, an inmate facilitator be allowed to conduct religious services when outside coordinators cannot do so. He must know the prayer, Igamma, Adhan, Khutbar Tahaji and be Muslim for a lenghy period - of which facility records will indicate or facility Liason for Chaplains - Deputy Davis, may so select to hold services for continuity.

**Decision of the Grievance Coordinator:**          **Number of Additional Sheets Attached ( )**

**(Including specific facts and reasons underlying the decision**

I have received and reviewed your grievance.
11-25-2103 Sgt. Franklin spoke to Imam, who stated that he does not want the inmates to congregate for Islamic Religious Services without an Imam present.
I find that your grievance has no merit.  Grievance not sustained.

**Name of Grievance Coordinator**_____**Sgt. Hajnos**_____

**Signature of Grievance Coordinator**___*Sgt. Hajnos*_____     **Date:** 11/29/13

( ) I have read the above decision of the Grievance Coordinator
( ) I agree to accept the decision
(X) I wish to appeal to the Chief Administrative Officer

**Grievant Signature:**_____          **Date:** 11/29/13

**Inmate response received by Grievance Coordinator on**     12/2/13

**Grievance Coordinator Signature:**  *Sgt Franklin*

Note: What "Imam" is saying in essence is - Inmates have no right to Services unless He, the "Imam" conducts it, violative of U.S. Const. Amend. #1

Exibit 2



**New York State Commission of Correction**



## Chief Administrative Officer's Decision

**Facility:** Erie County Holding Center          **Grievance #:** 13G-211

**Name of Inmate:** Reeseie Nash   49658 ENE 91   **Date Part I was received:** 11/25/2013

### Grievance Summary

Muslims @ the Holding Center are not being afforded services on consistant basis or every friday or Jumuah. Service on friday/Jumuah - in Islam is MANDATORY and one is cursed if he fails to attend purposely. Religious services for Muslim populace is just as inportant as Catholic/Protestant etc., which is held on a regular basis. The facility has failed to accommodate Muslims in that they have failed to ensure steady observance of constitutional right to free practice of religion.

### Grievant's requested action

That persuant to Correctional Law 702.4-1, an inmate facilitator be allowed to conduct religious services when outside coordinators cannot do so. He must know the prayer, Igamma,Adhan, Khutbar Tahaji and be Muslim for a lenghy period - of which facility records will indicate or facility Liason for Chaplains - Deputy Davis, may so select to hold services for continuity.

### Decision of the Chief Administrative Officer:          Number of Additional Sheets Attached ( )

**(Including specific facts and reasons underlying the decision**

9 CRR-NY 7024.3 (b) states, "When no religious advisor is available, the chief administrative officer may permit a member of a prisoner religious group to conduct legitimate religious activities."

The facility has provided your religious group with a religious advisor whose ecclesiastical credentials have been approved to facilitate religious services here. That advisor had some unforeseen circumstances that prevented him from conducting service on a few occasions. Those few occasions do not demonstrate a failure to provide your religious group with religious services. If this facility would be without the services of an accredited Imam for a prolonged period of time then I would consider the provision described above. However, that process would involve a vetting process to select a suitable candidate. I cannot sustain your grievance.

**Name of Chief Administrative Officer**___Chief A. Harris_

**Signature of Chief Administrative Officer** _A. Harris_          **Date:** 12/3/13

(x) I have read the above decision of the Chief Administrative Officer
( ) I agree to accept the decision
(x) I wish to appeal to the Citizen's Policy and Complaint Review Council

**Grievant Signature:**_____          **Date:** 12/4/13

**Recieved by Grievance Coordinator Date:**___12/4/13_

**Grievance Coordinator  Signature:**___Sgt Franklin Da__

Exibit 3

DATE: 4/23/2016        DEPUTY SPENGER #1981        ~~ISSUE MUSLIM SERVICES~~

   

## New York State Commission of Correction

### Grievance Form - Part I

**Facility:** Erie County Holding Center NY014023C 1403

**Housing Location:** ECHO NORTH EAST #35

**Grievance #:** 16-JG-028
*FACILITY ASSIGNS THIS NUMBER*

**Inmate's Name:** NASH, REESE JE

**ICN #:** 49658

**Brief Description of the Grievance** *(Completed by the grievant):*    **Number of Additional Sheets Attached ( )**

Page 15 of Inmate Handbook, JMD, States in part: The Erie County Holding Center - provides religious services for the Catholic, Muslim and Protestant faiths. Chaplains of each of these listed faiths are on staff and available for consultation. Per U.S. Const. Amend. 1 + NYS Minimum Standards, Institutions must provide services for each of the "listed" faiths; however, in the last (30) days, this facility has offered Jumah one time, on April 1st, 2016. At no other time was service conducted, constituting cruel and unusual punishment where christian faiths are held frequently, although Jumah is not, has not and not in accordance with law, constituting separatism and discrimination. (R)

**Action requested by the grievant** *(Completed by the grievant):*    **Number of Additional Sheets Attached (r)**

That Jumah be conducted, even if facilitated by inmate, where Islamically it is a sin to miss Jumah consecutively and also;

To be given a copy of each and every replied disposition of this matter, including this original form and sergeants reply.

**Grievant Signature:** Reese Je Nash

**Date/Time Submitted:** 4/23/16

**Receiving Staff Signature:** V. Giardina #508 Giardina

**Date/Time Received:** 04/23/16  2:30

**Summary of facility staff attempts to resolve** *(Attach relevant documentation):*    **Number of Additional Sheets Attached ( )**

The Imam has not come in to conduct services. I will make my chain of command aware of your concerns so they can be addressed 8-79 At no point are you restricted from practicing your religious beliefs on your housing area.

☐ Language Barrier, List Language _____ : Name of Interpreter and affiliation _____

**Officer / Supervisor Signature:** Sgt Giorda 8-79    **Date/Time:** 4-23-16  21:58

(☒) I agree to accept the informal resolution to my Grievance.

( ) I do not agree to accept the informal resolution to my Grievance.

**Grievant Signature:** Reese Je Nash    **Date/Time Submitted:** 4-23-16

Forward to the Grievance Coordinator:    *Grievance must be forwarded to the Grievance Coordinator within 24 hours of submission*

**Officer / Supervisor Signature:** Sgt Giorda 8-79    **Date/Time:** 4-23-16

Received by the Grievance Coordinator:

**Grievance Coordinator Signature:** _____    **Date/Time:** 4-25-16

Exibit 4

# ERIE COUNTY SHERIFF'S OFFICE



## MEMORANDUM

---

**TO:**   Nash, Reeseie (ICN:49658)

**FROM:**   Sgt. McAndrew

**DATE:**   28 May 2016

**RE:**   16RG-071

---

This memorandum is to document our conversations regarding your grievances recently submitted. I have assigned the number 16RG-071 to your two grievances submitted. Regarding your grievance that you stated was altered, we spoke in the duty office on 5/27/16 regarding this grievance. We came to an agreement that you inadvertently checked that you agreed to informal resolution when in fact that was not your intent. We then discussed your issues regarding Muslim services and how Jumah is offered. I informed you that your grievance requesting that an inmate run Jumah would not be allowed due to the determination of the Chief Administrative Officer not allowing it. You previously grieved this issue in 2013 and the policies and actions of this facility were sustained by the CPCRC and your grievance was denied. Due to the CPCRC previously sustaining the actions of the facility, your current grievance will not proceed and is being returned to you. While discussing your grievance, your concerns with the proper running of Ramadan were brought up. I asked you to make a list of your concerns so that we could discuss them for possible further action.

On 5/28/16, we met in the duty office to discuss your concerns for upcoming Ramadan. You provided me with a list of your concerns. I also provided you copies of your previous grievances regarding Muslim services from 2013. In this meeting, we discussed your list and I informed you that your concerns would be presented to Captain Hartman and the facility Imam. I informed you that I would discuss with you further how your concerns would be addressed. I tentatively plan on speaking with you further on your issues approximately 5/31/16. If you have any further questions or concerns, I encourage you to speak with the officer of your housing area, the supervisor of your floor or you can submit a request slip directly to me.

Exibit 5



**New York State Commission of Correction**



## Grievance Form - Part I

**Facility:** Erie County Holding Center NY014023C 1403      **Housing Location:** ECHC North East *85*

**Grievance #:** _____
<span>FACILITY ASSIGNS THIS NUMBER</span>

**Inmate's Name:** R. Nash      **ICN #:** 491658

**Brief Description of the Grievance** (*Completed by the grievant*):      **Number of Additional Sheets Attached** ( )

On 4.23.16, I submitted a grievance regards Islamic Services and after a "Summary of facility staff attempts to resolve" I indicated that [IF DO NOT AGREE] to any informal resolution to resolve religious right deprovations and on 5/16/16, was shown a copy of said grievance which impermissibly shown that I agreed to accept coercive, although not corrective, restitution. I sent (2) slips for a copy of this, never received an answer and allege now that the Grievance Process here at ECHC is NON EXISTANT AND FLAWED ②

**Action requested by the grievant** (*Completed by the grievant*):      **Number of Additional Sheets Attached** ( )

That ECHC apply Minimum Standards Guidelines and Create a working grievance process. That staff be advised against depriving detainee's of due process - redress by Grievances; On 5/13/16, an inmate was coerced by bribe to withdraw grievance - impermissably - to avoid DOJ review of such allegations contained therein. That a copy of this grievance be given to me, and that no threats, coercion, harrassment nor act of retaliation come from the filing of this grievance. ②

**Grievant Signature:** R. Nash      **Date/Time Submitted:** 5/23/16

**Receiving Staff Signature:** Carolo (06) CASTricca      **Date/Time Received:** 5/23/16 1345

---

**Summary of facility staff attempts to resolve** (*Attach relevant documentation*):      **Number of Additional Sheets Attached** ( )

I spoke with I/m About this matter Before And was not able to resolve so I notified Sgt. Rott on this matter And As far As I know he took care of it. I notified Sgt. on this matter. ②

☐ Language Barrier, List Language _____: Name of Interpreter and affiliation _____

**Officer / Supervisor Signature:** Carlo 9067      **Date/Time:** 5/23/16 1345

( ) I agree to accept the informal resolution to my Grievance.

(X) I do not agree to accept the informal resolution to my Grievance.

**Grievant Signature:** _____      **Date/Time Submitted:** _____

Forward to the Grievance Coordinator: _____      *Grievance must be forwarded to the Grievance Coordinator within 24 hours of submission*

**Officer / Supervisor Signature:** _____ Smragly #45      **Date/Time:** 05/23/16 1410

Received by the Grievance Coordinator: _____

**Grievance Coordinator Signature:** _____      **Date/Time:** 5/24/16 8:16

Exibit 6



**New York State Commission of Correction**



## Grievance Form - Part I

**Facility:** Erie County Holding Center NY014023C 1403

**Housing Location:** ECHC North East "55

**Grievance #:** _____
<span style="font-size:small">FACILITY ASSIGNS THIS NUMBER</span>

**Inmate's Name:** R. Nash

**ICN #:** 49658

**Brief Description of the Grievance** *(Completed by the grievant):*     **Number of Additional Sheets Attached** (0)

The ECHC has grossly prejudiced muslim detainee's by failing to provide religious services to muslims, as all muslim inmates are not afforded religious services in violation of Minimum Standards and the U.S.C.A, Amend 1. Services were not had on - 3/25; 4/8; 4/15; 4/22; 5/6 and 5/20, controversially prejudicial to muslim detainee's. On 4/23/16, I grieved this issue and did not agree to formal resolution and the grievance was altered to read "agreed". This violates Minimum Standards Nys U.S.C.A Amend 1; U.S.C.A 5; U.S.C.A. 8 and 14, inasmuch as Christian services are regularly held and had while the facility seeks to silence failure to provide Jumah srvcs. ●

**Action requested by the grievant** *(Completed by the grievant):*     **Number of Additional Sheets Attached** (0)

Freedom of Religion be granted; Facility stop prohibiting Jumah services to ECHC detainees; Freedom to practice islam be established - where facility bans sales of Quran from Commissary; Facility stop promoting cruel and unequal punishment and provide equal protection of the laws. That I not be harrassed, intimidated or annoyed due to this grievance and that my decision NOT to accept any coercive resolution NOT be altered and that I receive a copy of this grievance A.S.A.P ●

**Grievant Signature:** _____     **Date/Time Submitted:** 5/23/16 @ 1:00 pm

**Receiving Staff Signature:** _____ 1067 CAStnce     **Date/Time Received:** 5/23/16 1345

**Summary of facility staff attempts to resolve** *(Attach relevant documentation):*     **Number of Additional Sheets Attached** ( )

I spoke with I/m About this matter Before And was not Able to resolve so I notified Sgt Roft on this matter And as far As I know he took care of it. I notified Sgt on this matter on duty. B

☐ Language Barrier, List Language _____ : Name of Interpreter and affiliation _____

**Officer / Supervisor Signature:** _____ 1067     **Date/Time:** 5/23/16 1345

( ) I agree to accept the informal resolution to my Grievance.

(X) I do not agree to accept the informal resolution to my Grievance.

**Grievant Signature:** _____     **Date/Time Submitted:** 5/23/16 2:00 pm

Forward to the Grievance Coordinator: _____ *Grievance must be forwarded to the Grievance Coordinator within 24 hours of submission*

**Officer / Supervisor Signature:** _____ Surmatten #65     **Date/Time:** 05/23/16 1412 Hrs

Received by the Grievance Coordinator: _____

**Grievance Coordinator Signature:** _____     **Date/Time:** 5/24/16 6m

Exibit 7

*[handwritten notes top left]*



## New York State Commission of Correction



### Grievance Form - Part I

**Facility:** Erie County Holding Center NY014023C 1403

**Housing Location:** Echo N.E.

**Grievance #:** _____

**Inmate's Name:** Nash, Reesie

FACILITY ASSIGNS THIS NUMBER

**ICN #:** 49658

**Brief Description of the Grievance** *(Completed by the grievant):*          **Number of Additional Sheets Attached (∅)**

On 6/11/16, Sgt. Slimak, violated HIPPA Privacy Laws by going to Muslim inmate population ~ Ramadan Services, and told said inmates, Reesie Nash has highly contageous disease called "Scabies" and did do an upper body torso check and hand check, during services, then assured inmates pamphlets on "Scabies" from mediatt by morning. This violates HIPPA RIGHTS TO PRIVACY, medical professionals, on average, lose their licenses to practice for same. (R)

**Action requested by the grievant** *(Completed by the grievant):*          **Number of Additional Sheets Attached (∅)**

That no acts of retaliation occur based upon this grievence, coercion, intimidation, threats nor harrasment. That facility provide a copy of this grievence to inmate and advise writer of findings or action taken as to this matter. (R)

**Grievant Signature:** _____

**Receiving Staff Signature:** B. Pirri 1500

**Date/Time Submitted:** 6/12/16

**Date/Time Received:** 6/12/2016

**Summary of facility staff attempts to resolve** *(Attach relevant documentation):*          **Number of Additional Sheets Attached (∅)**

This Dept. was unable to informally resolve this grievence that HIPPA was violated during Ramadan Services

☐ Language Barrier, List Language_____ ; Name of Interpreter and affiliation_____

**Officer / Supervisor Signature:** _____          **Date/Time:** _____

( ) I agree to accept the informal resolution to my Grievance.

→ (✓) I do not agree to accept the informal resolution to my Grievance.

**Grievant Signature:** _____          **Date/Time Submitted:** 6/12/16

Forward to the Grievance Coordinator:          *Grievance must be forwarded to the Grievance Coordinator within 24 hours of submission*

**Officer / Supervisor Signature:** _____          **Date/Time:** _____

Received by the Grievance Coordinator:

**Grievance Coordinator Signature:** _____          **Date/Time:** _____

Exibit 8

*(handwritten top margin)* to the recent for _____
1958 - 6/13/16 c 13 _____
subject - Hippa Violation

# New York State Commission of Correction



## Grievance Form - Part I

**Facility:** Erie County Holding Center NY014023C 1403

**Housing Location:** ENE # 92

**Grievance #:** _____
FACILITY ASSIGNS THIS NUMBER

**Inmate's Name:** Reggie Nash

**ICN #:** A9658

**Brief Description of the Grievance** *(Completed by the grievant):*      **Number of Additional Sheets Attached** (  )

On 6/11/16, Sgt Slimak did relent to Ramadan inmates that grievant had "Highly Contagious Disease Scabies" then requiring Strip Search to determine whether inmates had scabies violative of HIPPA. On 6/13/16, (3) officers and medication Nurse, told inmates grievant was on Medical Keeplock due to "Infectious Disease Scabies" thus requiring feed up tray violative of HIPPA and moreover grievant NEVER HAD SCABIES. SECURITY STAFF SLANDERED GRIEVANT AND CAUSED IRREPAIRABLE HARM DUE TO HIPPA VIOLATION. GRIEVANCE WAS FILED ON 6/12/16 W/ DEP. PURCELL AS TO SAME. SGT. THEN FAILED TO FILE

**Action requested by the grievant** *(Completed by the grievant):*      **Number of Additional Sheets Attached** (  )

A copy of this grievance be provided to grievant. That no act of retaliation be taken due to filing of this grievance. That no coercion, threats, assault nor harassment conduct occur due to this grievance. That names of (3) officers at Ramadan services be offered in resolution and nurse at Cat who did not log grievance be offered in resolution and officials reason for not logging grievance be offered also.

**Grievant Signature:** _____      **Date/Time Submitted:** 6/13/16 00:55

**Receiving Staff Signature:** _____      **Date/Time Received:** 6/13/16

**Summary of facility staff attempts to resolve** *(Attach relevant documentation):*      **Number of Additional Sheets Attached** (  )

Informed I/M That Retaliation is Against The P.P. And That There is To Green Tabbed For Grievance. Additionally That I Am Not Privy To Medical Files So Scabies Is Not In The Realm To Discuss Issue With _____

☐ Language Barrier, List Language _____ : Name of Interpreter and affiliation _____

**Officer / Supervisor Signature:** _____      **Date/Time:** 6/13/16

(  ) I agree to accept the informal resolution to my Grievance.

(X) I do not agree to accept the informal resolution to my Grievance.

**Grievant Signature:** _____      **Date/Time Submitted:** 6/13/16

Forward to the Grievance Coordinator:      *Grievance must be forwarded to the Grievance Coordinator within 24 hours of submission*

**Officer / Supervisor Signature:** _____      **Date/Time:** _____

Received by the Grievance Coordinator:

**Grievance Coordinator Signature:** _____      **Date/Time:** _____

Exibit 9

# ERIE COUNTY SHERIFF'S OFFICE



# MEMORANDUM

---

**TO:**   Inmate Nash, Reeseie (ICN:49658)

**FROM:**   Sgt. McAndrew

**DATE:**   20 June 2016

**RE:**   Grievance 16G-006

---

I have read and reviewed your grievance. You have alleged that medical and security staff provided other inmates with information that you feel was privileged medical information. I have interviewed staff members. Staff members state that no privileged information was released during medical checks for possible transmitted diseases. During an interview, I asked you who provided you with this information as you were not present to physically hear any of these assertions. You stated that, "everybody who was there heard it." You also said you could not name any specific people as witnesses. I canvassed other inmates who were present at Muslim services at the time your allegation took place. Other inmates stated they were not given any information. Witnesses further stated that you informed the inmate population of a possible medical condition that caused you to be medically isolated from the general population. Medical handouts were provided to the inmate population at their request to provide information on the subject matter.

I also find your assertion that you were "demanded" to fill out numerous grievances and that one was misfiled to be unsubstantiated. During our interview, I presented you two grievances filed for informal purposes and asked if they were indeed the only two grievances you submitted. You stated they were. I also asked if there were any additional grievances submitted that I should be made aware of. You stated there were not. Grievance form SCOC 7032-1 was provided to you after attempts at informal resolution were exhausted. You submitted this form accordingly, and an investigation was completed.

After speaking with witnesses involved, I find your grievance lacks merit and is not sustained.

Exibit 10

**New York State Commission of Correction**
**Inmate Grievance Form**
Form SCOC 7032-1 (11/2015)

Facility: Erie County Holding Center      Housing Location: ENE #92

Name of Inmate: Reesele E. Nash      Grievance #: 106.016

**Brief Description of the Grievance** *(Submitted by the grievant within 5 days of occurrence)*
**Number of Sheets Attached (∅)**

On 6/11/16, Sgt. Slimak did violate HIPPA by telling Ramadan inmates that I had "Highly Contagious Disease Scabies" then did upper body search of Ramadan attendees. On 6/13/16, (3) officers and medication Nurse told inmates that grievant was medical keeplock due to "Infectious Disease Scabies" thus requiring feedup tray as grievant was alleged unable to attend, violative of HIPPA. Grievant NEVER HAD SCABIES. Sgt. Gave Scabies Handouts to inmates, noting that Nash would be cause of outbreak. (R)

**Action requested by the grievant** *(Submitted by the grievant within 5 days of occurrence)*:
**Number of Additional Sheets Attached (∅)**

No acts of retaliation, coercion threats, intimidation threats or harrassment occur based upon the filing of this complaint. The names of (3) escort officers of 6/13, be revealed, the name of Sgt. who failed to properly file grievance dated 6/12/16, and to be given copy of this complaint, as this makes 3rd time facility demanded I re-write this complaint prior to filing. (R)

Grievant Signature: _____      Date/Time Submitted: 6/17/16

Receiving Staff Signature: _____      Date/Time Received: 6/18/16

Investigation Completed by: Sgt McIndra      Date Completed: 6/2/16

**Decision of the Grievance Coordinator**      **Number of Sheets Attached ( )**
*Written decision shall be issued within 5 business days of receipt of grievance and shall include specific facts and reasons underlying the determination*

☐ **Non-grievable issue as per 9 NYCRR §7032.4(h)** (may not be appealed to CAO)
☐ **Grievance Accepted**
☑ **Grievance Denied on Merits**
☐ **Grievance Denied due to submitted beyond 5 days of act or occurrence** (can be appealed to CAO)
☐ **Grievance Accepted in part/ Denied in part** (Note specific Acceptance/Denial parts below)

See Attached Memorandum

Signature of the Grievance Coordinator: _____      Date: 6/18/16

Exhibit 11

1006

5/16/16

1067



Muslim Services/ Grievance





**New York State Commission of Correction**

## Grievance Form - Part I

**Facility:** Erie County Holding Center NY014023C 1403

**Housing Location:** ENE 85

**Grievance #:** _____
FACILITY ASSIGNS THIS NUMBER

**Inmate's Name:** Reesie E. Nash

**ICN #:** 491658

**Brief Description of the Grievance** *(Completed by the grievant):*          **Number of Additional Sheets Attached ( )**

About the 23rd day of April, PM shift, I filed a grievance, alleging facilities failure to provide Jumuah / Muslim services, and to date - In the last 60 days, Jumah has been held (3) times. Christians enjoy services weekly. This is discriminatory. I wrote "Grievance" on 5/1/16 stating that the Grievance process was defunct and that no reply was offered to me within minimum standards-required response time and said PC slip went unanswered. On 5/12/16 I sent Sgt. McAndrews a slip stating same again - requesting a copy of filed grievance and noting facilities failure to adhere to directives timeline regards Grievance responses and actions - and again, no response was given. ⒭

**Action requested by the grievant** *(Completed by the grievant):*          **Number of Additional Sheets Attached ( )**

That facility create a compliant grievance process in accordence with NYS minimum standards; That facility employ local Imam for service regularity or appoint Inmate facilitator to ensure regularity of services; That a copy of this grievance be given to me and that no threats, retaliation, intimidation, coercion or harrassment take place in retaliation of this grievance. ⒭

**Grievant Signature:** _____          **Date/Time Submitted:** 5/16/16

**Receiving Staff Signature:** _____ 1067 (Astica   **Date/Time Received:** 5/16/16  1100

**Summary of facility staff attempts to resolve** *(Attach relevant documentation):*     **Number of Additional Sheets Attached ( )**

This Deputy discussed Grievance process with inmate. Explained how process works, and but Inmate still requested grievance. As far as Religious process goes, this Deputy was unable to resolve grievance and contacted Sgt. Grievance process is slow if not faulty but its their.

☐ Language Barrier, List Language_____ : Name of Interpreter and affiliation_____

**Officer / Supervisor Signature:** _____          **Date/Time:** _____

( ) I agree to accept the informal resolution to my Grievance.

(X) I do not agree to accept the informal resolution to my Grievance. ⒭

**Grievant Signature:** _____          **Date/Time Submitted:** 5/16/16

Forward to the Grievance Coordinator:     *Grievance must be forwarded to the Grievance Coordinator within 24 hours of submission*

**Officer / Supervisor Signature:** _____          **Date/Time:** _____

Received by the Grievance Coordinator:

**Grievance Coordinator Signature:** _____          **Date/Time:** _____

Exibit 12

Robbie E. Nash #49658
Erie County Correctional Facility
11581, Walden Ave.
Alden, N.Y. 14004

Clerk U.S. District Court
United States Courthouse
Buffalo, N.Y. 14202

USDC-WDNY
JUL 18 2016
BUFFALO



